UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Misc. Action No. 07-549 (JMF) |
| JACKSON HOSPITAL CORP., dba KENTUCKY RIVER MEDICAL CENTER, | ) ) ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

On June 10, 2009, I entered a proposed protective order and directed the parties to show cause why it should not go into effect. The National Labor Relations Board ("NLRB") objected to the order and sought a number of changes. Jackson Hospital d/b/a Kentucky River Medical Center ("KRMC") disputed the NLRB's proposal and, taking their arguments into consideration, I have revised the protective order as follows:

1. I agree that there was a clerical error in paragraph three, and I have corrected that error.

2. NLRB argues that the section of paragraph 5(c) that forbids the use of confidential documents in court proceedings or depositions without prior consent is unduly burdensome because it would require NLRB to designate all of the documents that are covered by the protective order. NLRB also argues that KRMC, under the order, could wait until the deposition commenced to object to the use of

confidential documents, which would require either terminating the depositions or seeking immediate relief from the Court.  KRMC argues that removing the provision would render the protective order meaningless because depositions are publicly filed documents and court proceedings are public as well.  I have amended the order to provide that no confidential material shall be filed publicly.  In addition, I will permit the parties to question witnesses about confidential documents, but the portion of the deposition transcript dealing with those documents will be sealed.  Any remaining issues pertaining to the use of documents that are designated as confidential at trial can be better resolved through motions in limine.  Deadlines for the filing of such motions will be established by a pre-trial order.

3. The protective order I provided states that witnesses cannot be questioned about confidential documents unless they have been provided with a copy of the protective order and agreed in writing, by signing the certification, to abide by its terms.  NLRB argues that KRMC should bear the burden of ensuring that its former employees sign the certification, or, alternatively, I should dispense with the certification requirement entirely.  I disagree with NLRB that the certification requirement should be removed, and I also agree with KRMC that they should not be required to force persons that they are no longer affiliated with to sign the certification.  Instead, NLRB may present the certification to deponents if it intends to examine the deponent about a document subject to the protective order.  If the deponent refuses to be bound by the protective order, the deposition may

otherwise go forward but the deponent may not be asked about the document. The parties may raise the issue with the Court. In the event it is necessary I may allow the parties to reopen the deposition of any witnesses who refuse to sign the certification after I have had a chance to address any objection.

4. Finally, the NLRB proposed some additional language regarding the Freedom of Information Act ("FOIA"). KRMC argues that the additional language is not necessary, and, since the language was intended to protect KRMC and I have already permitted KRMC to redact the secret information it seeks to protect, I decline the NLRB's request to alter the provisions pertaining to the FOIA.

An amended Protective Order accompanies this Memorandum Opinion.

Dated: July 22, 2009

/S/
JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE